UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Carlos SOTO, Defendant–Appellant.

No. 01–50237.
D.C. No. CR–00–02632–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Juan Carlos Soto appeals his conviction and 33–month prison sentence imposed fol-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lowing his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

Soto contends that 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

In the alternative, Soto contends that the government was required to allege in the indictment that Soto knew the type and quantity of controlled substance he was alleged to have imported. This contention fails based on our holding in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

Soto's final contention is that the government breached the plea agreement by suggesting during the sentencing hearing that the negotiated criminal history category was insufficient after seeing Soto's full record in the pre-sentence report. Alleged violations of a plea agreement are reviewed de novo. *See United States v. Camarillo–Tello*, 236 F.3d 1024, 1026 (9th Cir.2001). After reviewing the record, we find that the statements made by the government did not breach the plea agreement. *Cf. id.* at 1027–28; *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir.

1999); *United States v. Myers*, 32 F.3d 411, 412–13 (9th Cir.1994) (per curiam).

**AFFIRMED.**