**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guadalupe OCELO–LOPEZ,
Defendant–Appellant.**

**No. 00–10123.
D.C. No. CR–99–291–RCB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002 *.

Decided Sept. 16, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Guadalupe Ocelo–Lopez appeals her 108–month sentence following a guilty plea conviction for conspiracy and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

** This disposition is not appropriate for publication and may not be cited to or by the

Ocelo–Lopez contends that the government breached the plea agreement by failing to recommend a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. Because we conclude that the government breached the plea agreement, we do not enforce the appeal waiver set forth in the agreement. *See United States v. Serrano*, 938 F.2d 1058, 1060 (9th Cir.1991).

Plea agreements are contractual in nature and the government is held to the literal terms of the agreement and bears responsibility for any lack of clarity. *See United States v. Camarillo–Tello*, 236 F.3d 1024, 1026 (9th Cir.2001).

Under the literal terms of the plea agreement, the government agreed to move under section 5K1.1 for a substantial assistance departure and recommend a sentence of 90 months imprisonment if Ocelo–Lopez (1) waived her Fifth Amendment right against self incrimination; (2) provided truthful and honest statements; (3) made herself available for interviews; and (4) did not protect or falsely implicate anyone. Because the record shows that Ocelo–Lopez satisfied these conditions, the government breached the plea agreement by refusing to move for the section 5K1.1 departure. *See id.* at 1027–28 (concluding that government breached the plea agreement by failing to comply with its literal terms). Accordingly, Ocelo–Lopez's sentence is vacated and the case is remanded to determine whether a downward departure under section 5K1.1 is appropriate. *See United States v. Treleaven*, 35 F.3d 458, 460–61 (9th Cir.1994) (district court is permitted to depart downward in the absence of a government motion under section 5K1.1 where government's refusal to file substantial assistance motion consti-

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tutes breach of plea agreement); *United States v. Goroza,* 941 F.2d 905, 909 (9th Cir.1991) (stating that specific performance is an appropriate remedy for breach of plea agreement).

We lack jurisdiction to consider Ocelo–Lopez's contention that she was entitled to a downward departure based on the sentence disparity between her and her codefendant because there is no indication that the district court misunderstood its authority to depart on that basis. *See United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997) ("[w]e lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines"); *see also United States v. Caperna,* 251 F.3d 827, 831–32 (9th Cir.2001) (whether to depart based on sentence disparity among cooperating and non-cooperating defendants is properly left within the sound discretion of the sentencing judge).

We are unpersuaded that Ocelo–Lopez was denied due process on appeal stemming from the two-year delay caused by the alleged inadequacies of her former appellate counsel. *See Coe v. Thurman,* 922 F.2d 528, 531 (9th Cir.1990).

Sentence VACATED and case REMANDED for resentencing.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.