**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raul Tovar OCHOA, Defendant—**
**Appellant.**

**No. 02–50280.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2003.*

Decided March 7, 2003.

Before: T.G. NELSON, SILVERMAN and, McKEOWN, Circuit Judges.

MEMORANDUM **

Raul Tovar Ochoa ("Ochoa") appeals from the judgment and sentence of 24 months imposed by the district court following Ochoa's conviction by plea of guilty to one count of importation of a controlled substance (marijuana) in violation of 21

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. §§ 952 and 960. We have jurisdiction, 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm.

The district court's interpretation and application of the United States Sentencing Guidelines are reviewed de novo. *United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999). Factual findings underlying sentencing are reviewed for clear error. *United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997).

Ochoa argues that his plea was not voluntary and intelligent because the district court did not advise him that it would not apply a two-level fast track departure pursuant to U.S. Sentencing Guideline § 5K2.0 (2001). Ochoa additionally asserts that the district court erred by categorically refusing to consider a two-level fast track departure, and by only departing downward one level instead of two. These arguments lack merit.

■ The record establishes that, contrary to Ochoa's assertions, the district court applied § 5K2.0 and adjusted Ochoa's offense level downward by one level. The district judge was not obliged to advise the defendant in advance of how he might rule on any particular departure recommendations or requests. The plea agreement specifically states that the sentence is within the sole discretion of the judge and that the judge is not bound by sentencing recommendations. To the extent that Ochoa contends that the district court should have adjusted his offense level downward further, we lack jurisdiction to review this claim. *See United States v. Webster,* 108 F.3d 1156, 1158 (9th Cir.1997) (stating that the court lacks jurisdiction to review a district court's discretionary refusal to depart from the sentencing guidelines); *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990) (same).

■ Relying upon Federal Rule of Criminal Procedure 32 and *United States v. Camarillo–Tello,* 236 F.3d 1024 (9th Cir. 2001), Ochoa asserts that the district court erred by not giving the government an opportunity to speak at his sentencing hearing. We disagree. The rule merely grants the government a right to be heard at sentencing, but does not require that the government make a statement. *See* Fed.R.Crim.P. 32(c)(1) (requiring court to "afford counsel for the ... Government an opportunity to comment on the probation officer's determinations"). The fact that the district court did not specifically ask whether the government's lawyer wanted to make any comments did not prejudice Ochoa.

■ Neither did the government breach the plea agreement by failing to make an oral recommendation. The government's sentencing memorandum was consistent with the plea agreement. Moreover, to the extent, if any, that Ochoa believed that the government's recommendation failed to comply with the plea agreement, he waived the right to raise this claim by failing to object during sentencing.

*Camarillo–Tello* is distinguishable because, there, the government's lawyer altered the government's recommendation after the district court made comments suggesting that it was not inclined to adjust the defendant's offense level down by four levels. *Camarillo–Tello,* 236 F.3d at 1027. Nothing requires that the government make an oral recommendation during sentencing proceedings when the government's existing recommendation is otherwise entirely consistent with the plea agreement.

AFFIRMED.