**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carlos RABAGO–HERNANDEZ,**
**aka Ignacio Ambriz–Gomez,**
**Defendant—Appellant.**

**No. 01–50512.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided April 24, 2003.

Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellant Carlos Rabago–Hernandez appeals his 12–month sentence for violation of supervised release to be served consecutively to a 21–month sentence for his illegal reentry conviction. Rabago argues that the government breached the plea agreement, and that the district court erred by not referring to the transcript from the prior sentencing hearing. Because the parties are familiar with the facts, we do not recite them unless necessary. We affirm.

■ Rabago unsuccessfully relies on *United States v. Camarillo–Tello,* 236 F.3d 1024 (9th Cir.2001), to argue that the government breached its plea agreement. There, the government promised to recommend a four-level downward departure and then at the sentencing hearing orally endorsed a two-level departure. We held this change of heart amounted to a breach. *Id.* at 1027. Here, no change in position occurred. The government recommended concurrent sentencing through the written plea agreement and did not alter that position. The record demonstrates that the district court was aware of the recommendation.

■ Rabago also argues that the government breached the plea agreement by not submitting a sentencing memorandum with the reasons for requesting a concurrent sentence, again directing us to *Camarillo–Tello.* But the government made no such promise here. The written recommendation without more complies with the plea agreement. *United States v. Benchimol,* 471 U.S. 453, 455, 105 S.Ct. 2103, 85 L.Ed.2d. 462 (1985) (if the plea agreement

does not require the government to be "enthusiastic" or to explain the reason(s) behind its recommendation, as is the case here, failure to do so is not a breach).

Rabago also points to some remarks by the prosecutor that supposedly negated the recommendation for concurrent sentencing. But those remarks were unrelated to the recommendation for concurrent sentencing.

■ We also reject Rabago's due process and abuse of discretion challenge to the failure of Judge Thompson to obtain the transcript of the prior sentencing hearing to verify whether he apprised Rabago at that time when the supervised release period began. Rabago did not ask for any such review at the time of sentencing for violation of supervised release. Moreover, the transcript of the prior hearing makes clear that Judge Thompson explained at that time that the supervised release period began whenever Rabago was released from prison for the previous conviction. *See* RT 5/19/00 at 13–14. Rabago unlawfully re-entered the United States during that one-year supervised release period. He violated a condition of his release, and it was appropriate to sentence him for that violation.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.