**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gwendolyn JONES, Defendant— Appellant.**

No. 02–50653.

D.C. No. CR–01–01161–1–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 24, 2003.

---

AUSA, USSD–Office of the U.S. Attorney, San Diego, CA, Robert E. Lindsay, Alan Hechtkopf, Attorney, John Hinton, III, DOJ–U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Todd Burns, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Gwendolyn Jones appeals her one-count conviction and thirty-seven month sentence for conspiring to defraud an agency of the United States.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate the sentence and remand for resentencing. The parties are familiar with the facts, and we need not recite them here.

At the defendant's bond revocation hearing, the district court found that Jones had violated California Penal Code § 653m[2] and therefore had breached her plea agreement.[3] California Penal Code § 653m, however, requires that the defendant have the specific intent to annoy when communicating to another a threat to inflict injury.[4] At the bond revocation hearing, the district court did not find that the defendant had the specific intent to annoy, nor did it find the defendant made a specific threat.[5] Rather, the district court stated that the defendant had made "harassing phone calls at the very minimum, threatening at the greatest"[6] and that any threats made were "implied."[7] Neither do the facts clearly reflect that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. § 286.

2. CAL.PENAL CODE § 653m (1999).

3. *United States v. Camarillo–Tello,* 236 F.3d 1024, 1026 (9th Cir.2001) (stating that alleged violations of plea agreements are reviewed *de novo*).

4. *See United States v. Velasco–Medina,* 305 F.3d 839, 845 (9th Cir.2002) (stating specific intent is the "purpose or conscious desire to cause the particular offense").

5. *United States v. Bynum,* 327 F.3d 986, 993 (9th Cir.2003) (stating that a district court's findings of fact in sentencing are reviewed for clear error).

6. Tr. at 62 (S.D.Cal. Oct. 1, 2002).

7. *Id.* at 63.

Jones acted with specific intent to annoy or threaten. Because California Penal Code § 653m refers to a specific intent crime and specific intent was not found, Jones was not in violation of the plea agreement. The Assistant United States Attorney was thus required by the plea agreement to recommend at the sentencing hearing a custodial sentence equivalent to the low end of the adjusted offense level determined by the court.[8]

For the foregoing reason, we vacate and remand for resentencing pursuant to the plea agreement.

SENTENCE VACATED AND RE-MANDED FOR RESENTENCING