**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Soila ESPINOZA–ROBLEDO, Defendant—Appellant.**

No. 03–50378.
D.C. No. CR–03–01221–GT.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 14, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

George Aguilar, AUSA, David M. Orland, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kara Persson, San Diego, CA, for Defendant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM [**]

Soila Espinoza–Robledo pleaded guilty to making a false claim of United States citizenship in violation of 18 U.S.C. § 911. She argues that the Government violated her plea agreement by not recommending a low-end guideline sentence "in a timely, good-faith manner during the sentencing hearing." We reject that argument and, because we conclude that no breach occurred, we enforce the plea agreement's waiver of appeal and we dismiss the appeal.

## DISCUSSION

We may review Espinoza's claim of an alleged breach of the plea agreement notwithstanding her appeal waiver. *See United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996). Nonetheless, because she failed to raise the issue to the district court, our review is limited to plain error. *See United States v. Maldonado,* 215 F.3d 1046, 1051 n. 5 (9th Cir.2000). We conclude that no plain error occurred. Rather, the record indicates that the Government fulfilled its obligation by making both written and oral recommendations that Espinoza be sentenced to the low end of the applicable guideline range.

Espinoza nonetheless contends that the Government's oral recommendation was not made in a "timely manner" and was a "half-hearted statement" that violated the Government's obligation to act in good faith. We have rejected similar contentions. *See Maldonado,* 215 F.3d at 1051–52 ("When the government agrees to recommend a sentence pursuant to a plea bargain, it need not explain its reasons nor make the recommendation enthusiastically."); *United States v. Johnson,* 187 F.3d 1129, 1135 (9th Cir.1999) ("[U]nless specifically required in the agreement, the government need not make the agreed-upon recommendation enthusiastically."). Although Espinoza contends that she is not attacking the prosecutor's "level of enthusiasm" or presenting an "enthusiasm issue" to this court, her "good faith" argument amounts to the same.

Finally, Espinoza's reliance on *United States v. Camarillo–Tello,* 236 F.3d 1024 (9th Cir.2001), is misplaced. There, we held that a breach occurred when the Government "altered" its recommendation at sentencing. *Id.* at 1027. Because this is not a case where the Government sought to alter its recommendation, failed to make the promised recommendation, or made the recommendation after sentencing, we conclude there was no breach of the plea agreement. *See United States v. Coleman,* 208 F.3d 786, 792 (9th Cir.2000) (noting circumstances where the Government might breach the plea agreement and concluding that no breach occurs as long as Government's recommendation ("however grudgingly") occurs before sentencing).

Because the Government did not breach the plea agreement, Espinoza's waiver of appeal must be enforced and her appeal dismissed. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (dismiss-

---

ing appeal because enforceable waiver of appeal deprives this court of jurisdiction).

APPEAL DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.