**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gerardo RODRIGUEZ–CUEVAS, aka**
**Gerardo Cuevas–Rodriguez,**
**Defendant—Appellant.**

**Nos. 03–10491, 03–10492.**
**D.C. No. CR–03–01662–JMR/JCC,**
**CR–02–00118–JMR/JCC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided Aug. 2, 2004.

---

Sandra Marie Hansen, Nathan D. Leonardo, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Victoria Brambl, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before LAY,* HAWKINS, and BYBEE, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Gerardo Rodriguez–Cuevas appeals his guilty plea conviction and sentence for violation of 18 U.S.C. § 1152 and § 113(a)(3), aggravated assault with intent to do bodily harm, and 8 U.S.C. § 1326(b)(1), reentry after deportation. He raises two arguments: (1) that the district court erred by advising him of his right to withdraw the guilty plea only after rejecting the plea agreement and imposing a sentence; and (2) that the government breached its plea agreement by telling the court it could offer no reason why the plea bargain should be accepted and requesting a longer sentence. We review his claims for plain error because he failed to assert them in district court. *See United States v. Olano,* 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We affirm.

Rodriguez–Cuevas alleges that the district court erred by telling him that he had to wait until after sentencing before he could withdraw from his guilty plea, not that he had a right to do so beforehand, as Rule 11(e)(4) requires.[1] FED. R.CRIM. P. 11(e)(4); *see United States v. Fernandez,* 960 F.2d 771, 773 (9th Cir.1992). The district court, however, complied with Rule 11(e)(4) and even exceeded its requirements. The district court gave Rodriguez–Cuevas the opportunity to withdraw his plea after making clear its intention to reject the plea and impose a lengthier sentence, but before imposing that sentence. In addition, after announcing the sentence, the court gave Rodriguez–Cuevas seven days in which to withdraw his plea. The district court did not plainly err. *See Olano,* 507 U.S. at 733–34, 113 S.Ct. 1770.

Rodriguez–Cuevas also asserts that the district court improperly denied his effort to gather mitigating evidence by refusing him a psychological evaluation to assess his future dangerousness. However, at the hearing, he requested that the court impose a sentence immediately, and he failed to withdraw his plea during the seven days the district court granted. *See United States v. Dominguez Benitez,* 542 U.S. ——, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

Rodriguez–Cuevas's argument that the government breached the plea agreement does not entitle him to relief. Because the plea agreement was a type C, the district court could have accepted or rejected it on the basis of the pre-sentence report without oral argument. *But cf. United States v. Camarillo–Tello,* 236 F.3d 1024, 1028 (9th Cir.2001) ("the benefit of the [defendant's] bargain" in a type B agreement is the government and defense counsel's presenting a "united front" to the district court) (internal quotation marks and citation omitted). Moreover, because the district court took the extraordinary step of allowing Rodriguez–Cuevas seven additional days to withdraw his plea, he has not shown a reasonable probability that but for the district court's failure to recognize the government's breach, he would have withdrawn his plea. *See Dominguez Benitez,* 542 U.S. ——, 124 S.Ct. 2333, 159 L.Ed.2d 157 (holding that a defendant seeking reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probabili-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. For clarity, we refer to the version of Rule 11 in effect before the 2002 Amendments,

under which Rodriguez–Cuevas was sentenced. *See* Advisory Comm. Notes on 2002 Amendments.

ty that, but for the error, he would not have entered the plea).

AFFIRMED.