**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tony Christopher ALLEN, Defendant—Appellant.**

**No. 07–30165.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed March 19, 2008.

Stephen F. Peifer, Esq., Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Plaintiff–Appellee.

Nell Brown, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

---

R.App. P. 34(a)(2).

Before: FERNANDEZ, BERZON, and BEA, Circuit Judges.

### MEMORANDUM*

Tony Christopher Allen appeals his consecutive sentences for violation of the terms of his supervised release[1] and for making a false sworn declaration before a court.[2] We vacate and remand.

Allen asserts that the Government breached the plea agreement when, in its response to the district court's request that it state its sentencing position, it did not recommend that the sentence for the supervised release violation run concurrently with the sentence for the false declaration violation. We agree. However, Allen did not object at that time, or at any time during the sentencing hearing. Thus, he forfeited the issue and we review for plain error. *See United States v. Cannel,* 517 F.3d 1172, 1175–76 (9th Cir.2008); *see also United States v. Evans–Martinez,* 448 F.3d 1163, 1166 & n. 1 (9th Cir.2006). We must, therefore, ask: was there error; if so, was it plain; if so, did it affect substantial rights; and, finally, did it " 'seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings' "? *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993); *see also Evans—Martinez,* 448 F.3d at 1166; *United States v. Rodriguez—Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006).

Here there was error, and it was plain. Moreover, Allen's substantial rights were affected. He received a sentence that was thirteen months longer than he would have received if the sentences had run concurrently. In addition, given the main focus of the hearing—the false statement offense—and the district court's specific request for the government's position, we cannot say that the sentence would have been the same anyway. Finally, given the importance of plea agreements, and the need to assure defendants and the public that they will be strictly enforced,[3] we exercise our discretion to vacate the sentence and remand for resentencing before a different judge. *See United States v. Camarillo–Tello,* 236 F.3d 1024, 1028 (9th Cir.2001); *United States v. Mondragon,* 228 F.3d 978, 981 (9th Cir.2000); *Johnson,* 187 F.3d at 1135–36.

VACATED and REMANDED for resentencing.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 18 U.S.C. § 3583(e).

2. 18 U.S.C. § 1623.

3. *See United States v. Johnson,* 187 F.3d 1129, 1134–35 (9th Cir.1999); *United States v. De la Fuente,* 8 F.3d 1333, 1338–39 (9th Cir.1993); *see also United States v. Myers,* 32 F.3d 411, 413 (9th Cir.1994).