**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50520 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00695-PA-1 |
| v. | |
| ANTONIO GAMEZ ORTEGA, AKA Antonio Gamez, Sr., AKA Antonio Gamez, Jr., AKA Antonio Gamez, AKA Ines Ortega, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 6, 2010[**]
Pasadena, California

Before: HALL, FISHER, and BYBEE, Circuit Judges.

Antonio Gamez-Ortega timely appeals the 77-month sentence imposed

following his guilty plea to being a deported alien found in the United States in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. He alleges that the government breached its plea agreement to recommend a sentence of 51 months' imprisonment—a four-level downward departure from the 77 to 96 month Guideline range—by telling the district court that he was a recidivist with a violent past. He also alleges that the district court erred by omitting from its judgment an exception to a special condition of supervised release that the court included in its oral pronouncement of sentence. We affirm the judgment as modified.

The facts of this case are known to the parties and we need not repeat them.

Gamez-Ortega argues for the first time on appeal that the government contradicted its recommendation of a 51-month sentence, and thereby breached its plea agreement, by describing his prior crimes to the district court. The government breaches its plea agreement to recommend a sentence "if, while making the recommendation, the prosecutor contradicts that recommendation with statements indicating a preference for a harsher sentence." *United States v. Camarillo-Tello*, 236 F.3d 1024, 1027 (9th Cir. 2001).

Even if the statements constituted a breach of the plea agreement, Gamez-Ortega has not established that any such breach was plain error. First, he has not shown that the breach was "plain," meaning "clear" or "obvious." *See United States v. Olano*, 507 U.S. 725, 734 (1993). The government's comments about Gamez-

-2-

Ortega's violent past were accompanied by the government's repeated recommendation that Gamez-Ortega receive the sentence of 51 months.

Gamez-Ortega has also failed to show that the breach affected his substantial rights by "affect[ing] the outcome of the district court proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (quoting *Olano*, 507 U.S. at 734). *See also United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994) (placing the burden on the defendant). He claims that, had there been no breach, he would have been sentenced to 51 months rather than to the 77 months that he ultimately received. He notes the similarities between the district court's reasons for rejecting the plea agreement and the government's comments about Gamez-Ortega's criminal past. This, however, only shows that the court considered Gamez-Ortega's criminal history in sentencing him. It does not show that the court would have sentenced him to 51 months rather than 77 months, or that it would have ignored his criminal history, had the government not described his criminal history in its sentencing memorandum. Indeed, the PSR also contained the details of Gamez-Ortega's criminal history. Thus the district court would have received this information regardless of the government's sentencing memorandum.

Gamez-Ortega also argues that a 51-month sentence would have been the longest term of imprisonment he had yet received, and that it thus would have been

sufficient to achieve the goals of sentencing. It is speculation to suggest that, without the breach, the district court would have opted for 51 months. Thus, Gamez-Ortega has not demonstrated plain error.

Gamez-Ortega next contends that the written judgment and commitment order must be modified because it conflicts with the oral pronouncement of sentence. In the oral pronouncement, the district court required Gamez-Ortega to obtain approval from the probation officer prior to obtaining or possessing any identification document in any name other than his true legal name. The written judgment, however, does not contain an exception for identification documents in Gamez-Ortega's own name. The government does not object to modification of the written judgment to incorporate this exception. Accordingly, the judgment shall be modified to prohibit Gamez-Ortega on supervised release from obtaining or possessing any form of identification in any name other than his true legal name without the prior written approval of the probation officer. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) ("[W]here there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement, as correctly reported, must control." (quoting *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974))).

The judgment is **AFFIRMED as MODIFIED**.