**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30178 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00053-TOR-1 |
| v. | |
| PAUL AARON MURRAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted March 29, 2024
Submission Withdrawn April 2, 2024
Resubmitted August 14, 2024

Seattle, Washington

Before: W. FLETCHER, PARKER,[**] and MILLER, Circuit Judges.
Dissent by Judge MILLER.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Defendant-Appellant Paul Murray pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). He appeals his sentence.

Murray argues that the government explicitly and implicitly breached its promise in the plea agreement "to recommend a sentence no greater than the low end of the advisory guideline range determined by the Court at sentencing." We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the government explicitly breached the express terms of the plea agreement, we vacate and remand for resentencing.

We review for plain error because Murray did not object at sentencing. *See United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 27–28 (quoting *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021)).

The government explicitly breached the plea agreement. It "promise[d] to recommend a particular disposition of the case, and then . . . fail[e]d to recommend that disposition" and instead "recommend[ed] a different one." *United States v.*

2

*Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). The government agreed to recommend a sentence no greater than the low end of the guideline range as determined by the court. In its sentencing memorandum and at the outset of the sentencing hearing, the government recommended a sentence of 135 months, which was the low end of the guideline range as calculated by the government and the probation office. But after the district court calculated that the low end of the guideline range was 108 months, the government never changed its recommendation.

The government argues the explicit breach was not plain or prejudicial because the plea agreement allowed the parties to advocate for different guideline ranges. But the plea agreement did not allow the government to advocate for anything other than a sentence at the low end of the guideline range once the court determined the range. When the government "offers to recommend a specific sentence," it "induces the defendant to forfeit his constitutional rights in exchange for a 'united front.'" *Id.* at 1231 (quoting *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001)). And "[o]nce the prosecution has forcefully argued for a sentence other than the stipulated one and has denied the defendant a united front, 'one really cannot calculate how the government's error and breach may have affected the perceptions of the sentencing judge.'" *Id.* at 1235 (quoting

3

*United States v. Alcala-Sanchez*, 666 F.3d 571, 577 (9th Cir. 2012)).  The clarification from Murray's counsel that the government was required to seek no more than 108 months did not relieve the government of its obligation under the plea agreement.  *See Camarillo-Tello*, 236 F.3d at 1028 ("What the defendant wants and is entitled to is the added persuasiveness of the government's support regardless of outcome.").

For those reasons, there is at least a "reasonable probability" that Murray would have received a more favorable sentence absent the explicit breach.  *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).  The 126-month sentence imposed by the district court falls below the government's recommendation of 135 months but above the 108 months at the low end of the guideline range.  Given the "variable nature of sentencing," "[i]t is probable that the court would have given some weight to the government's unambiguous recommendation of a low-end guideline sentence" after it determined the guideline range.  *Id.* at 973; *see also United States v. Navarro*, 817 F.3d 494, 501 (7th Cir. 2016) (finding plain error when "the sentenced imposed was just above the midpoint between what the government and [the defendant] requested" and "[t]he improper upper guidelines number offered by the government may well have anchored the district judge to an inflated sentencing

range"). The fourth prong of the plain error test is also satisfied because "[t]he integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement." *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000).

We accordingly vacate and remand for resentencing. Because of the government's breach, our circuit law requires that we remand this matter to a different district judge. However, "in doing so we 'intend no criticism of the district judge by this action, and none should be inferred.'" *Whitney*, 673 F.3d at 976 (quoting *United States v. Johnson*, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999)).

**VACATED and REMANDED.**

*United States v. Murray*, No. 22-30178

MILLER, Circuit Judge, dissenting:

Murray asks us to set aside his sentence on the theory that the government breached his plea agreement at sentencing. He did not simply fail to object to the alleged breach; he affirmatively stated that he understood the government to be making precisely the recommendation he now says it failed to make. Because we review for plain error, Murray can prevail only by showing an error that is "clear or obvious, rather than subject to reasonable dispute," and that "affected [his] substantial rights," meaning that it "affected the outcome of the district court proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Murray cannot satisfy either requirement, so I would affirm.

In Murray's plea agreement, the government "agree[d] to recommend a sentence no greater than the low end of the advisory guideline range determined by the Court at sentencing." Before the district court adopted a guideline range, the government recommended that the court adopt "a guideline sentence" of 135 months, which was at the low end of the guideline range of 135 to 168 months in the presentence report. The court ultimately calculated the guideline range to be 108 to 135 months. At that point, Murray told the court that "the terms of the plea agreement now require the government to seek no more than 108 months

1

imprisonment," and the court said, "I understand." Murray later told the court that "the government seeks 108 months," and he never suggested that it had failed to make the recommendation required by the plea agreement.

The government's initial recommendation was consistent with the plea agreement. The district court invited the government to advance guideline arguments before it determined the guideline range. As Murray acknowledges, the plea agreement allowed the government to advocate for a guideline *range* with a low end of 135 months. And in doing so, the government would effectively have been asking the court to impose a 135-month *sentence*, given its obligation to recommend that sentence if the district court adopted its proposed range. That fact distinguishes this case from *United States v. Navarro*, on which Murray relies. 817 F.3d 494, 498–500 (7th Cir. 2016). There, the government made its recommendation *after* the district court determined the guideline range, whereas here, the court had yet to calculate the guideline range when the government recommended 135 months.

Murray principally argues that the government breached the agreement because it did not expressly state a new recommendation after the district court announced the applicable guideline range. As he puts it, "[t]he words '108 months' were never said by a prosecutor. It's that simple." It is not that simple: Murray himself told the district court that "the government seeks 108 months," and the

court made clear that it understood. To the extent Murray claims to have had a right to have an Assistant United States Attorney utter the words "108 months," his statements invited the error of which he now complains. *See United States v. Hui Hsiung*, 778 F.3d 738, 747 (9th Cir. 2015).

The government does not invoke the invited-error doctrine and instead agrees with Murray that we should review for plain error. Under that standard, any breach of the agreement was not "clear or obvious." *Puckett*, 556 U.S. at 135. Murray's theory appears to be that the government's responsibility to "recommend" a 108-month sentence meant it should have jumped up to interrupt defense counsel's argument merely to state that it agreed. At a minimum, it is debatable whether the plea agreement required the government to make such a redundant—and disruptive—statement.

In addition, Murray cannot demonstrate that any error affected his substantial rights, which requires "a reasonable probability that the error affected the outcome." *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (quoting *Marcus*, 560 U.S. at 262). "Mere 'possibility' is insufficient." *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013).

Murray argues that this standard is satisfied because his 126-month sentence was above the low end of the guideline range that the district court calculated. But while it is certainly possible—perhaps even likely—that the court would have

given some weight to the government's recommendation, the court was already familiar with the terms of the plea agreement, and it clearly understood that the government had implicitly abandoned its initial 135-month recommendation in favor of a 108-month recommendation. Defense counsel had the same understanding. Further, the record reveals that the court "conducted its own independent evaluation" of the appropriate sentence, as demonstrated by its rejection of the government's proposed guideline adjustments for obstruction of justice and acceptance of responsibility. *Gonzalez-Aguilar*, 718 F.3d at 1187 (declining to find prejudice where the district court deviated from the government's treatment of the defendant's prior offenses). Given the court's understanding of the government's obligations under the plea agreement and its independent assessment of the evidence, Murray cannot establish that "it is probable that" the court would have imposed a different sentence in the absence of the alleged breach. *Whitney*, 673 F.3d at 973.