NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MARCO ANTONIO MUNOZ-LUQUEN, Defendant - Appellant. | No. 24-3740 D.C. No. 3:23-cr-01276-RSH-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted August 18, 2025
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Defendant Marco Antonio Munoz-Luquen appeals the 57-month sentence

imposed following his guilty plea to importing methamphetamine in violation of 21

U.S.C. §§ 952 and 960. Munoz-Luquen argues that the prosecutor who appeared for

the government at the sentencing hearing implicitly breached the plea agreement by

(1) emphasizing the quantity of drugs involved in the offense; (2) distancing himself

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

from the 37-month recommendation made by the prosecutor who had negotiated the agreement; (3) failing to state all "mitigation arguments" for the government's recommendations; and (4) declining to defend the parties' jointly recommended four-level fast-track reduction after the district court applied only a two-level reduction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Even reviewing de novo, we agree with the district court that there was no breach of the plea agreement.[1] Thus, we enforce the appellate waiver in the plea agreement, and we dismiss the appeal.

1. The prosecutor's statements about drug quantity permissibly highlighted an aspect of the offense in response to the district court's concerns, defense counsel's remarks, and Munoz-Luquen's request for a below-Guidelines, 24-month sentence. At the sentencing hearing, the judge first emphasized the drug quantity in announcing his tentative position: "[B]ecause of the massive amount of methamphetamine involved, my tentative is to impose a sentence above the recommendation of the parties, just because of, again, the sheer volume of methamphetamine we're looking at in this case." The district court noted that it was

---

[1] "We have not been entirely consistent in our standards for reviewing a claim that the government breached a plea agreement." *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) (collecting cases). "However, because the government argues that it did not implicitly breach its plea agreement with [Munoz-Luquen] under even a de novo standard, we do not resolve when a different standard of review may apply." *United States v. Plancarte*, No. 24-327, 2025 WL 2394637, at *3 n.3 (9th Cir. Aug. 18, 2025).

"almost a ton of pure methamphetamine." Defense counsel also emphasized the quantity several times, stating at one point: "Obviously it was an incredible amount of drugs in this case." Moreover, the plea agreement provided that the government would "oppose any downward adjustments, departures, or variances not set forth" in the agreement. Because Munoz-Luquen had "argue[d] for a below-Guidelines sentence, the government [could] oppose the defendant's argument . . . including by repeating facts in the [presentence report]." *United States v. Plancarte*, No. 24-327, 2025 WL 2394637, at *4 (9th Cir. Aug. 18, 2025). The presentence report here also noted the significant quantity of drugs involved in the offense. Thus, the prosecutor did not breach the plea agreement by likewise referencing the "incredible amount" of drugs.

2. The sentencing hearing transcript does not support that the prosecutor distanced himself from the government's recommendation. His characterization of the 37-month recommendation as "more than fair" responded to Munoz-Luquen's request for a 24-month sentence, which the plea agreement provided that the government would oppose. The prosecutor affirmatively made the 37-month recommendation three times. Notably, the government's commitment in the plea agreement was to recommend a sentence between 37 and 46 months. So the 37-month sentence was in fact "more than fair," as the government could have recommended a higher sentence than it did without breaching the agreement.

3.      Neither our precedent nor the plea agreement required the government at the sentencing hearing to state all mitigation arguments underlying its recommendation. "[T]he government is not required to present mitigating evidence to avoid implicitly breaching a plea agreement." *Plancarte*, 2025 WL 2394637, at *5. Munoz-Luquen cites *United States v. Camarillo-Tello*, 236 F.3d 1024 (9th Cir. 2001), but that case holds that the government's sentencing memorandum must "include all of the reasons underlying the recommendation *as stated in the plea agreement*." *Id.* at 1027 (emphasis added). The government's sentencing memorandum here did so.

4.      No breach resulted from any failure to defend the jointly recommended four-level fast-track reduction before the district court. Unlike in *Camarillo-Tello*, the government did not change its recommendation mid-hearing. *Id.* at 1027–28. And the plea agreement did not require the government to object if the district court declined to follow any of its recommendations.

**DISMISSED.**