UNITED STATES of America, Plaintiff–Appellee,

v.

Laureano Barragan SANTANA, aka Francisco Garcia–Barragan, Defendant–Appellant.

No. 05–50612.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Submission Withdrawn Oct. 23, 2006.

Resubmitted April 29, 2008.

Filed May 1, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Robert J. Keenan, Esq., Los Angeles, CA, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: JOHN R. GIBSON,** FISHER, and CALLAHAN, Circuit Judges.

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM ***

Laureano Barragan Santana appeals his 120–month sentence imposed pursuant to his plea of guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Santana argues that the district court erred by (1) failing to comply with Federal Rule of Criminal Procedure 32(i)(3)(B); (2) denying him a minor role adjustment and downward departure for his alien status; (3) imposing an unreasonable sentence; (4) failing to specify a cap on the number of drug tests required under supervised release; and (5) requiring him to report to a probation officer within seventy-two hours of reentry into the country as a condition of supervised release. We affirm the judgment of the district court.

Our sentencing review "is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *petition for cert. filed,* No. 07–10482 (April 16, 2008). "[W]e first consider whether the district court committed significant procedural error, [and] then we consider the substantive reasonableness of the sentence." *Id.* "It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *Id.*

■ 1. Santana's first argument fits neatly within the parameters of procedural review: did the district court comply with Federal Rule of Criminal Procedure 32(i)(3)(B) when it refused to find if the defendant knew for how much the methamphetamine at issue was being sold? We review de novo a district court's compliance with Rule 32. *United States v. Herrera–Rojas,* 243 F.3d 1139, 1142 (9th Cir. 2001). Santana contends that the district court never addressed his claim that he was unaware of the purchase price in the methamphetamine transaction. The record contradicts Santana's argument. In its tentative ruling on sentencing, the district court explicitly stated that Santana's knowledge of the purchase price would "not affect sentencing." The district court committed no error.

■ 2. Denial of a minor or minimal role adjustment is also a question of procedural review which we review for clear error. *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.2000). Santana argues that he is the least culpable participant in the methamphetamine transaction and therefore merits a role adjustment under U.S.S.G. § 3B1.2(b). However, "a minimal or minor participant adjustment under § 3B1.2 is available only if the defendant was substantially less culpable than his or her co-participants." *United States v. Cantrell,* 433 F.3d 1269, 1283 (9th Cir.2006) (internal quotation marks omitted). Santana was not substantially less culpable than his co-participants. He was an instrumental part of the deal, transporting the drugs and even providing filler for the drugs the evening before the transaction to ensure they weighed the correct amount. There was

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

no clear error by the district court in its refusal to grant Santana a role adjustment.

■ Santana also argues that the district court erred in refusing to depart downward for harsh conditions of confinement due to Santana's noncitizen status. We lack jurisdiction, however, to review a discretionary denial of a downward departure under the Guidelines. *See United States v. Smith*, 387 F.3d 826, 832 (9th Cir.2004).

■ 3. Santana's third argument, that the district court "elevated the 'amount and purity of the drugs involved' ... above all other factors," is substantive in nature because it challenges the propriety of the sentence imposed, not the procedures used in arriving at that sentence. We review the ultimate sentence for reasonableness under a "deferential abuse of discretion standard." *Carty*, 520 F.3d at 988. The district court calculated Santana's total offense level as thirty-three. Santana received no criminal history points, which put him in a criminal history category of I, resulting in a Guidelines range of 135 to 168 months. Santana's offense carried a ten-year statutory minimum sentence. The district court found that he was eligible for relief under the safety valve provision of 18 U.S.C. § 3553(f). Nevertheless, the district court did not find that the facts of Santana's crime warranted a sentence below the mandatory minimum sentence and imposed a sentence of 120 months, which is notably lower than the advisory Guidelines range.

"For a non-Guidelines sentence, we ... 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Carty*, 520 F.3d at 993 (quoting *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Santana argues that the district court "gave no

weight to ... [the] mitigating and sympathetic aspects of Santana's offense, and his history and characteristics." Particularly, Santana refers to his familial circumstances, his lack of a criminal history, and his limited role in the offense as facts which render the sentence imposed unreasonable. But the fact that the district court imposed a sentence below the advisory range dispels Santana's argument that it impermissibly relied upon the drug quantity in determining his sentence. Moreover, the district court expressly recognized that its variance from the advisory Guidelines was due to "the special factors that [Santana] has pointed out to" the court. The district court clearly considered and gave weight to the special facts surrounding Santana's case. Nevertheless, it felt that 120 months imprisonment was "sufficient deterrent without being extreme," consistent with its duty to "impose a sentence sufficient, but not greater than necessary" to fulfill the statutory sentencing goals. *Id.* at 991 (quoting 18 U.S.C. § 3553(a)). The district court did not abuse its discretion, and the sentence is reasonable.

■ 4. Santana argues that it was error for the district court to require him to submit to one drug test within fifteen days of release and to at least two periodic drug tests thereafter. Santana raises this argument for the first time on appeal, and we therefore review for plain error. *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772 (9th Cir.2006). This argument is foreclosed "because any error or prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *See United States v. Maciel–Vasquez*, 458 F.3d 994, 996 (9th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 2097, 167 L.Ed.2d 817 (2007).

5. Also foreclosed is Santana's argument that his condition of supervised release requiring him to report to the probation officer within seventy-two hours of arriving in the United States violates his Fifth Amendment right not to incriminate himself. *See id.* at 996–97; *Rodriguez–Rodriguez,* 441 F.3d at 772–73.

AFFIRMED.

