**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry VILLANUEVA GONZALES,
Defendant—Appellant.**

**No. 07–10380.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008 *.

Filed July 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George Ferko, Nicolle Jacqueline Krivda, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Philip Kimble, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Larry Villanueva Gonzales appeals the 71–month sentence imposed following his guilty plea to possession with intent to distribute approximately 110 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in failing to make a two-level downward adjustment under U.S.S.G. § 3B1.2(b) for his minor role in the criminal activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). It is procedural error, and thus an abuse of discretion, for a district court to calculate the Sentencing Guidelines range incorrectly. *Id.* We review for clear error the district court's factual determination whether a defendant is a minor participant in the criminal activity. *United States v. Santana,* 276 Fed.Appx. 629 (9th Cir.2008).

Villanueva Gonzales contends that, as shown by his statement to the probation officer during his presentence interview, he was a mere courier for the one load of marijuana found in the pickup truck he was driving and therefore was substantially less culpable than the average participant in the criminal activity. The district court, however, found that Villanueva Gonzales's statement was not credible. *See United States v. Ocampo,* 937 F.2d 485, 491 (9th Cir.1991) (recognizing that district court was entitled to disbelieve defendant's self-serving statement of own involvement). The district court stated that Villanueva Gonzales's high-speed flight from Border Patrol agents could support a finding that the load belonged to him. The

ed by 9th Cir. R. 36–3.

district court also properly relied upon the substantial quantity of marijuana found hidden under the bed of the truck. *See United States v. Zakharov,* 468 F.3d 1171, 1181 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 2150, 167 L.Ed.2d 879 (2007); *U.S. v. Cantrell,* 433 F.3d 1269, 1283 (9th Cir.2006).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.