**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Ezequiel ZAZUETA–CUEVAS,**
**Defendant–Appellant.**

**No. 07–50510.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

Rebecca S. Kanter, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Charles L. Rees, Esquire, San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

David Zazueta–Cuevas appeals the sentence imposed after his guilty plea to importation of cocaine, in violation of 21 U.S.C. § 952. He contends that the district court erred in denying the parties' joint request for a minor role adjustment under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). It is procedural error, and thus an abuse of discretion, for a district court to calculate the Sentencing Guidelines range incorrectly. *Id.* We review the district court's interpretation of the Sentencing Guidelines de novo and review the district court's application of the Guidelines to the facts of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the case for abuse of discretion. *United States v. Dallman*, 533 F.3d 755, 760 (9th Cir.2008). We review for clear error the district court's factual determination whether a defendant is a minor participant in the criminal activity. *United States v. Santana*, 276 Fed.Appx. 629 (9th Cir.2008).

Zazueta–Cuevas argues that he was a minor participant in the criminal activity because he was hired as a one-time courier, had limited knowledge of the scope and structure of the enterprise, and lacked decision-making authority. As stated by the district court, Zazueta–Cuevas allowed a vehicle to be registered in his name, made a number of test runs across the border from Mexico to the United States, and transported about 80 pounds of cocaine. The district court did not err in finding that Zazueta–Cuevas was not substantially less culpable than other participants in the criminal activity. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) (upholding denial of adjustment for defendant who was responsible for large quantity of drugs).

Zazueta–Cuevas contends that the government breached his plea agreement by arguing in favor the district court's ruling in its answering brief. He contends that the government is judicially estopped from making this argument. *See United States v. Castillo–Basa*, 483 F.3d 890, 898 n. 5(9th Cir.2007) (stating that judicial estoppel doctrine precludes party from taking position that directly contradicts earlier position). Regardless of the merit of these contentions, any breach by the government did not affect sentencing. *Cf. United States v. Camarillo–Tello*, 236 F.3d 1024 (9th Cir.2001) (remanding for resentencing where government breached plea agree-

ment at sentencing). We therefore affirm the district court's judgment.

**AFFIRMED.**