**410**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel Omar SIERRA–QUEZADA,
Defendant—Appellant.

No. 07–50236.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

William V. Gallo, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Nicholas Depento, Law Offices of Nicholas Depento, San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Daniel Sierra–Quezada appeals the sentence imposed following his guilty plea to two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). It is procedural error, and thus an abuse of discretion, for a district court to calculate the Sentencing Guidelines range incorrectly. *Id.* We review for clear error the district court's factual determination whether a defendant is a minor participant in the criminal activity. *United States v. Santana,* 276 Fed.Appx. 629 (9th Cir.2008).

Sierra–Quezada contends that he was a minor participant because he was a middleman who was involved in the distribution of two small quantities of metham-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

phetamine over a 14–month period, made only $50 for each transaction, and was not the supplier of the drugs. He argues that he did not initiate the transactions; rather, they were initiated by an informant, who was seeking a larger deal. As stated by the district court, Sierra–Quezada facilitated two hand-to-hand sales, and the record does not show that his will was overborne by the informant. The district court did not clearly err in finding that Sierra–Quezada was not substantially less culpable than other participants in the criminal activity. *See United States v. Flores–Payon,* 942 F.2d 556, 561 (9th Cir.1991) (holding that defendant who attended negotiations and brought drugs to scene was not entitled to downward adjustment under § 3B1.2).

**AFFIRMED.**