**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ROSA ISELA HERNANDEZ-CASTRO,<br>*Defendant-Appellant*. | No. 14-10497<br><br>D.C. No.<br>4:13-cr-01577-<br>CKJ-JR-1<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
November 20, 2015—San Francisco, California

Filed February 25, 2016

Before: Michael J. Melloy,* Sandra S. Ikuta,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Melloy

---

\* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel dismissed an appeal from a sentence in a case in which the defendant argues that the government breached her plea agreement, thereby invalidating her appeal waiver.

Reviewing for plain error, the panel held that the government did not breach the plea agreement by not objecting when the district court granted only a two-level departure for fast track instead of the four-level departure set forth in the plea agreement. The panel distinguished *United States v. Camarillo-Tello*, 236 F.3d 1024 (9th Cir. 2001), because the plea agreement in this case does not indicate that the government "will recommend" the four-level departure, and the government did not alter its recommendation at sentencing. Because the government did not breach the plea agreement, the panel enforced the appellate waiver.

### COUNSEL

Brenda Dabdoub, Tucson, Arizona, for Defendant-Appellant.

Christina M. Cabanillas (argued), Assistant United States Attorney; John S. Leonardo, United States Attorney; Robert L. Miskell Appellate Chief, Tucson, Arizona, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

MELLOY, Circuit Judge:

   Rosa Hernandez-Castro appeals her sentence of 46 months after pleading guilty to Conspiracy to Possess with Intent to Distribute Heroin.  Hernandez-Castro argues the district court erred by imposing a two-level downward departure under U.S.S.G. § 5K3.1 (fast track), instead of the four-level departure set forth in her Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.  Hernandez-Castro further argues the government breached her plea agreement, thereby invalidating her appeal waiver.  We reject Hernandez-Castro's arguments, holding the government did not breach her plea agreement.  We therefore enforce her appeal waiver and dismiss her appeal.

I.

   In Hernandez-Castro's plea agreement, the parties "stipulate and agree" to a four-level downward departure based on fast track, U.S.S.G. § 5K3.1, and a two-level enhancement for use of a minor to avoid detection, U.S.S.G. § 3B1.4.  The parties also "stipulate and agree" to a sentencing range of "57 to 71 months imprisonment if defendant's Criminal History Category is I."  At sentencing, the district court calculated 57 to 71 months as the Guidelines sentencing range but did not apply the two-level enhancement for use of a minor to avoid detection, which was rejected in the PSR.  The district court also departed only two levels for fast track based on the "government's motion," although the government had not actually moved for such a departure. Neither party objected to the court's finding.

The district court then granted Hernandez-Castro an additional "two-level downward variance" based on an anticipated amendment to the Drug Quantity Table, resulting in an offense level of 23 and a sentencing range of 46 to 57 months. Before the court pronounced a sentence, the government stated that "a sentence at the low end of the range" of 46 to 57 months would be sufficient. The court sentenced Hernandez-Castro to 46 months.

Hernandez-Castro filed a Rule 35 motion, which the district court denied. On appeal, Hernandez-Castro concedes her Rule 35 motion was based on the mistaken belief that the court incorrectly applied the two-level enhancement for use of a minor to avoid detection.

II.

Hernandez-Castro waived her right to appeal her sentence as part of her negotiated plea agreement if her sentence "is consistent with" the plea agreement. The plea agreement provides that "[t]he sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance." The district court sentenced Hernandez-Castro to 46 months, which was "below the stipulated range" after the court "grant[ed] a variance." Thus, unless an exception to the appellate waiver applies, Hernandez-Castro waived her right to appeal. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting the defendant's attempt to circumvent his appeal waiver because the defendant's sentence did not exceed the plea agreement's 36-month cap); *see also United States v. Medina-Carrasco*, 806 F.3d 1205, 1209–10 (9th Cir. 2015) (finding that the phrase "in accordance with" the plea agreement "requires only that the

ultimate sentence fall within the broad range authorized by the plea agreement" and rejecting the defendant's alternative interpretation that "the phrase also could be read to require that any sentence imposed rest on a correct guidelines calculation").

A defendant is released from his or her appeal waiver if the government breaches the plea agreement. *See United States v. Gonzalez*, 16 F.3d 985, 989–90 (9th Cir. 1993). Hernandez-Castro argues that the government breached her plea agreement by not objecting when the district court granted only a two-level departure for fast track (rather than the four-level departure in the agreement). We review for plain error because Hernandez-Castro did not raise this argument at sentencing. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We conclude no plain error occurred.

Hernandez-Castro cites *United States v. Camarillo-Tello*, 236 F.3d 1024 (9th Cir. 2001), in support of her contention. In *Camarillo-Tello*, an illegal re-entry case, the defendant's plea agreement provided that "[t]he government *will recommend*" a four-level downward adjustment to his offense level if the defendant stipulated to removal, waived any appeal, and participated in the fast track program. *Id.* at 1025 (emphasis added). On appeal, under de novo review, this Court held the government breached the defendant's plea agreement: (1) by failing to include in its sentencing memorandum all the reasons in the defendant's plea agreement for the recommended four-level departure for fast track; and (2) by failing at sentencing to orally recommend the four-level departure and instead altering its recommendation by endorsing a two-level departure. *Id.* at 1027.

*Camarillo-Tello* is distinguishable because today we review for plain error. Unlike the plea agreement in *Camarillo-Tello*, Hernandez-Castro's plea agreement does not indicate the government "will recommend" the four-level departure for fast track. Rather, paragraph eight of her plea agreement provides "the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty." That language is sufficiently distinct from the language obligating government action in *Camarillo-Tello* for us to conclude no plain error occurred here. In addition, the government here did not alter its recommendation at sentencing. Consistent with Hernandez-Castro's plea agreement, the government recommended "a sentence at the low end of the range" of 46 to 57 months. If anything, the government altered its recommendation in Hernandez-Castro's favor by recommending a sentence at the low end of a range lower than that provided for in the plea agreement, indicating its preference for a more lenient, not a "harsher," sentence. *Cf. Camarillo-Tello*, 236 F.3d at 1027 (noting that a prosecutor's promise in a plea agreement "is not fulfilled if, while making the recommendation, the prosecutor contradicts that recommendation with statements indicating a preference for a harsher sentence").

### III.

Because we hold the government did not breach Hernandez-Castro's plea agreement, we enforce her appellate waiver and dismiss her appeal.

**DISMISSED.**