**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30030 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00003-RRB-1 |
| v. | |
| FLOYD EVERETT HARSHMAN, | AMENDED MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 4, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Floyd Harshman appeals his conviction and sentence following entry of a

guilty plea pursuant to a plea agreement. He argues that the waiver of his appellate

rights in the plea agreement is unenforceable and that the district court abused its

discretion in denying his motion to withdraw his guilty plea. We dismiss his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal based on the waiver. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) ("Because an appeal from the denial of his motion to withdraw his plea is an appeal from his convictions, Rahman's appellate waiver extends to this appeal.").

1.      Harshman has not demonstrated that the conditions of his pretrial confinement rendered his waiver involuntary. *See id.* (observing that a waiver of appellate rights is enforceable only if it is voluntarily made). The district court engaged Harshman in a lengthy colloquy at his change-of-plea hearing, a colloquy Harshman's counsel did not challenge on appeal but rather acknowledged at oral argument was "[a]ctually pretty – fairly well done." The thorough colloquy suffices to demonstrate that Harshman's waiver was voluntary. *See United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996).

Moreover, Harshman informed the court during the plea colloquy that he was voluntarily entering the plea agreement, waiving his right to appeal, and pleading guilty, without ever mentioning the jail conditions. Instead, the colloquy reveals that Harshman pleaded guilty because he determined that federal law would preclude him from, as he put it, "being completely open and honest with my jury." Harshman gave as an example that he would be prohibited from urging the jury to consider his potential sentence when evaluating his guilt. These statements, which

2

are entitled to a "strong presumption of veracity in subsequent proceedings attacking the plea," *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015) (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008)), show that Harshman considered the advantages of pleading guilty given the constraints he would face at trial and then voluntarily chose to plead guilty in light of those constraints, not because of the jail conditions.

2.      Harshman also has not demonstrated that his appeal waiver is unenforceable because the government has yet to urge Alaska to return money taken from him upon arrest, as it promised to do in the plea agreement. *See United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016) ("A defendant is released from his or her appeal waiver if the government breaches the plea agreement."). Disputes over the terms of a plea agreement "must be resolved by determining, under an objective standard, 'what the parties to the plea bargain *reasonably* understood to be the terms of the agreement.'" *United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988) (emphasis added) (quoting *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985)).

Here, Harshman pleaded guilty as provided in his plea agreement. But he moved to withdraw his guilty plea three months later and then mailed a notice of appeal one day after sentencing, giving "official notification of [his] intent to

3

appeal [his] case in its entirety" despite the court having imposed the agreed-upon sentence. Harshman could not reasonably have understood the plea agreement to permit him to challenge its validity on direct appeal and yet still obtain the prospective benefits of the agreement before that challenge was resolved.[1]

3. Contrary to Harshman's argument, a 2014 memorandum from the Deputy Attorney General instructing federal prosecutors to decline to enforce certain appeal waivers does not justify setting aside his waiver. *Cf. United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (reiterating that the guidelines set forth in the United States Attorneys' Manual "do not create any rights in criminal defendants").

4. Harshman argues that his "lawyer provided ineffective assistance of counsel in connection with the plea, but we decline to address that issue on direct appeal. [Harshman] may raise such a claim in a collateral proceeding, where a

---

[1] Harshman having been sentenced in accordance with the plea agreement and his appeal now dismissed, the government is in a position to fulfill its promise to urge the state to return his money. If Harshman elects to collaterally attack his plea, that attack will be consistent with the express reservation of his right to do so under the terms of the plea agreement. We reject the government's suggestion that Harshman must await completion of proceedings expressly contemplated by the agreement before the agreement is considered to take effect. *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) (observing that if a plea agreement remains ambiguous after examining the parties' reasonable understanding, ambiguities are construed against the government).

complete record can be developed." *United States v. Brizan*, 709 F.3d 864, 867 (9th Cir. 2013); *see also Rahman*, 642 F.3d at 1260.

5.      We considered the arguments raised in Harshman's pro se supplemental briefs and found them without merit. We therefore do not address them any further.

**DISMISSED.**