NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50508 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01751-DMS-1 |
| v. | |
| JORGE NUNEZ-DUENAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Jorge Nunez-Duenas appeals his sentence of 48-months imprisonment for

illegal reentry after removal in violation of 8 U.S.C. § 1326. Nunez-Duenas argues

that the government acted in bad faith and breached the plea agreement by

recommending a Criminal History Category of VI based on a date of prior

imprisonment listed in the Presentence Investigation Report ("PSR"). The record

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reflects that this date was obtained by a probation officer from searches of certain state and federal databases and confirmed by the probation officer's telephone conversation with a California Department of Corrections representative. We have jurisdiction under 28 U.S.C. § 1291. *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).[1] We enforce Nunez-Duenas' appeal waiver and dismiss his appeal.

1. Nunez-Duenas contends that the government acted in bad faith in arguing for a Criminal History Category of VI because there was not sufficient evidence of the date of one imprisonment for revocation of parole, but he does not challenge the accuracy of that date. We have rejected a parallel argument in a similar context, holding that a district court does not abuse its discretion in sentencing based on prior convictions in a PSR derived from the same databases used here, so long as the defendant neither disputes the factual accuracy of the information nor identifies indicia of unreliability. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1162–63 (9th Cir. 2000); *United States v. Marin-Cuevas*, 147 F.3d 889, 894–895 & n.6 (9th Cir. 1998). Nunez-Duenas offers no reason why

---

[1] We need not resolve the parties' dispute over whether the applicable standard of review is clear error or de novo because the result is the same under either standard. *See United States v. Quach*, 302 F.3d 1096, 1100 (9th Cir. 2002).

this precedent cannot apply where, as here, the plea agreement gave the government discretion to recommend a sentence "as calculated by the Government at the time of sentencing" and made clear that there was "no agreement as to [the] defendant's Criminal History Category."

2. Nunez-Duenas argues that the date in the PSR was unreliable because it was absent from a rap sheet summary attached to the criminal complaint with which he was charged. This argument is unpersuasive because the rap sheet summary does not purport to be a complete list of Nunez-Duenas' dates of incarceration.

3. Nunez-Duenas notes that the government stated, after losing its request for a Criminal History Category of VI, that the district court "properly calculated" a Criminal History Category of V. Nunez-Duenas cites no authority suggesting that this stray remark, made in the context of an alternative argument for a longer sentence, signifies anything more than the government's submission to the district court's decision.

4. Because we hold that the government did not act in bad faith or breach Nunez-Duenas's plea agreement, we enforce the appellate waiver in Nunez-Duenas' plea agreement and dismiss his appeal. *See United States v. Hernandez-*

3

*Castro*, 814 F.3d 1044, 1046 (9th Cir. 2016).[2]

**DISMISSED.**

---

[2] We DENY AS MOOT the government's Motion to Supplement the Record.