NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10071 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00099-LRH-WGC-1 |
| v. | |
| MARCILIN ANNE BENVIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted January 13, 2017
San Francisco, California

Before: WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant Marcilin Benvin (Benvin) appeals from the sentence in

the judgment imposed by the district court following her post-indictment guilty

plea to one count of embezzlement and theft from an employee benefit plan in

violation of 18 U.S.C. § 664. Benvin's sentence – 60 months in prison – was three

months above the high end of the applicable advisory guideline range and 14

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

months above the low end of the guideline range sentence recommended by the plea agreement. On appeal, Benvin argues that the district court committed significant procedural error by considering facts in the presentence investigation report (PSR) as undisputed in spite of Benvin's invocation of her Fifth Amendment right to remain silent with respect to those facts, and also imposed a substantively unreasonable sentence. Benvin additionally argues that the Government breached the terms of the plea agreement by failing to recommend a low-end guideline sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not commit significant procedural error by adopting the PSR's description of Benvin's offense conduct as a factual finding and basing its sentencing decision on that fact. A district court commits procedural error in sentencing when, *inter alia*, it "choose[s] a sentence based on clearly erroneous facts." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). However, when a defendant does not object to the factual accuracy of a PSR, "the district court [is] entitled to treat the factual assertions therein as established." *United States v. Hilgers*, 560 F.3d 944, 948 n.4 (9th Cir. 2009) (citing Fed. R. Crim. P. 32(i)(3)(A)). Benvin failed to make such an objection, and the district court therefore properly considered the PSR's description of Benvin's offense

conduct as established fact. Benvin's invocation of her Fifth Amendment right to remain silent with respect to the PSR's description of her offense conduct does not excuse her failure to challenge the PSR's factual accuracy. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000) (rejecting argument that a district court's reliance on an uncontroverted PSR constitutes an adverse inference from a refusal to testify at sentencing in violation of the Fifth Amendment).

2. The district court did not impose a substantively unreasonable sentence. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011) (internal quotation marks omitted). We review the substantive reasonableness of a sentence for abuse of discretion, and "may not reverse just because we think a different sentence is appropriate." *Carty*, 520 F.3d at 993. Consistent with §§ 3553(a)(1) and 3553(a)(2)(A), the district court discussed extensively the magnitude of Benvin's fraudulent activity and the resulting losses for her investors and concluded that the "overwhelming" factors in determining Benvin's sentence were "the seriousness of the crime and the need to promote respect for the law and,

3

of course, to provide just punishment." Although the district court did not specifically address Benvin's personal history and characteristics, "[a] district court is not required to refer to each factor listed in § 3553(a)." *United States v. Mix,* 457 F.3d 906, 912 (9th Cir. 2006). Because Benvin argued that her personal history and characteristics weighed in favor of a low end guidelines sentence both in her sentencing memorandum and during the sentencing hearing, we can infer that the district court found this factor to be outweighed by the other explicitly addressed § 3553(a) factors.

Furthermore, a district court is "not prohibited from considering the extent to which the Guidelines d[o] not sufficiently account for the nature and circumstances of [an] offense, including the amount of the loss, the number of victims, or the harm to the victims, even though the Guidelines account for these factors either implicitly or explicitly, to some extent." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (emphasis omitted). Although the plea agreement's sentencing guideline stipulation may have accounted for the full extent of Benvin's offense conduct, the district court did not engage in impermissible double counting in concluding that the "magnitude" of Benvin's conduct and her victims' losses nevertheless supported the imposition of an upwards variance.

4

3. The Government satisfied its obligation under the plea agreement to recommend a low-end sentence. When the government agrees to recommend a particular sentence, "[t]he bargain that the defendant agreed to [is] not a promise by the government to recommend, but the actual fact of recommendation." *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994). However, the government can make the promised recommendation through "negative implication." *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999) (holding sufficient the statement "I am bound under the plea agreement not to recommend more than the low end of the sentencing range, and I will abide by that plea agreement"). Because Benvin did not raise this issue at sentencing, we review for plain error. *United States v. Hernandez-Castro*, 814 F.3d 1044, 1045–46 (9th Cir. 2016).

At sentencing, the Government twice indicated that it had agreed to recommend a low-end sentence pursuant to the plea agreement, and made no recommendation to the contrary. The Government therefore made the promised recommendation by negative implication. Benvin cannot demonstrate error, much less error that is plain or obvious.

But even assuming that the Government's two statements were insufficient to recommend a low-end sentence, Benvin cannot demonstrate that this error

5

"affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation omitted). The district court explained that the 60-month statutory maximum sentence was justified by the "magnitude of the criminality, the magnitude of the victim's losses in this case, the magnitude of the nature of the victims and the types of losses." The district court did not rely on any statements made by the Government to make this determination; rather, the district court independently assessed the PSR, victim testimony, and victim impact letters. In fact, the district court expressed concern that both Benvin and the Government had "gloss[ed] over what the factual history is here" with respect to the magnitude of Benvin's fraudulent scheme. It is therefore unlikely that the district court would have sentenced Benvin to a low-end guidelines sentence even if the request had been presented by a "united front." *United States v. Quach,* 302 F.3d 1096, 1101 (9th Cir. 2002).

**AFFIRMED.**