**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50095 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00067-DSF-1 |
| v. | |
| ANDRE FRANKLIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 11, 2017
Pasadena, California

Before: PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,[**]
District Judge.

Defendant Andre Franklin appeals his 60-month sentence following a guilty

plea to distributing cocaine base in the form of crack cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Franklin argues that the district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

erred by not recognizing that it could adjust the five-year mandatory minimum sentence prescribed by § 841(b)(1)(B) to account for the 18 months he served in state custody for related conduct. His guilty plea in this case, however, was entered pursuant to a plea agreement with the Government which contained a waiver of Franklin's right to appeal his sentence. We conclude that Franklin's appellate waiver bars this appeal, and we dismiss it on that basis.

Cognizant of the appellate waiver in his plea agreement, Franklin argues that he has been freed to appeal because the Government breached the plea agreement at the sentencing phase of this case. Because Franklin did not make this argument to the district court, we review it under a plain error standard. *See United States v. Hernandez-Castro*, 814 F.3d 1044, 1045-46 (9th Cir. 2016) (reviewing argument that appellate waiver was unenforceable due to the government's plea agreement breach for plain error where defendant had not objected to the breach in the district court (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).[1] "Relief for plain

---

[1] Franklin argues that his unpreserved plea agreement claim should be reviewed de novo under *United States v. Gonzalez*, 16 F.3d 985 (9th Cir. 1993), but this argument is foreclosed by *Puckett* and *Hernandez-Castro*. Although *Hernandez-Castro* did not expressly state that *Gonzalez* is clearly irreconcilable with *Puckett*, there is no other way to understand *Hernandez-Castro*, which cited *Gonzalez* in the very paragraph that applied *Puckett*'s plain error standard. 577 F.3d at 1045-46; *see also United States v. Lovelace*, 565 F.3d 1080, 1086 (8th Cir. 2009) ("Following *Puckett,* this court holds that when a defendant seeks to avoid an appellate waiver contained in a plea agreement by arguing, for the first time on appeal, that the government breached the plea agreement, this court will review the

2

error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012) (quoting *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008)).

We conclude as an initial matter that the Government breached the plea agreement in this case. The Government agreed to recommend a base offense level of 24 in the plea agreement, but took the position in its sentencing memorandum that a base offense level of 26, as calculated by the United States Probation Office ("USPO"), was "technically accurate."[2] The Government emphasizes that it simultaneously entreated the court to "vary downward from the

_____

forfeited claim (and related claims) under the plain error test of Fed. R. Crim. P. 52(b).").

[2] The Government claims it was merely providing complete and accurate sentencing information to the district court, relying on *United States v. Maldonado*, 215 F.3d 1046 (9th Cir. 2000). But *Maldonado* and similar cases, which stand for the proposition that the Government must correct factual inaccuracies relevant to sentencing and respond truthfully to the district court's questions, have no application here. The Government was neither correcting a factual error in the plea agreement nor responding to an inquiry from the district court; rather, the Government offered an unsolicited opinion about the USPO's position on relevant conduct. Nothing precluded the Government from staying silent about the USPO's analysis "and then performing as promised under the plea agreement," namely, by recommending that the district court anchor its sentencing calculations on a base offense level of 24. *Cf. United States v. Manzo*, 675 F.3d 1204, 1211-12 (9th Cir. 2012) (holding that the Government's obligation to honestly answer the district court's questions "did not preclude" doing so and then recommending the sentence agreed upon in the plea agreement).

3

USPO's total offense level of 26 and impose a sentence consistent with the parties' plea agreement by applying a base offense level of 24." But the Government did not promise in the plea agreement to seek a variance on Franklin's behalf; it agreed to a base offense level of 24 and obligated itself to "abide by all agreements regarding sentencing contained in [the plea] agreement." The Government clearly contravened those guarantees by representing that the higher base offense level was correct and recommending that the court vary downward from it. *See United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000) ("[T]he government is held to the literal terms of the [plea] agreement.").

Nonetheless, we conclude that the Government's breach did not affect Franklin's substantial rights because he himself argued for a base offense level of 26 at the sentencing hearing and, for reasons explained *infra*, that level actually lowered his sentencing range. It thus does not appear that the Government affected his sentence, at least not in a way detrimental to Franklin, by agreeing (in breach of the plea agreement) that a base offense level of 26 was the correct starting point. Because Franklin cannot show that the Government's breach affected his substantial rights, we hold that Franklin has not shown plain error and is bound by his appellate waiver. *See Whitney*, 673 F.3d at 970.

But that conclusion is purely the result of the unusual, and frankly concerning, facts of this case. The higher base offense level calculated by the

4

USPO reflected its determination that the controlled substances and gun seized on January 15, 2013 -- seven days after the sale underlying Franklin's offense of conviction -- should be considered "relevant conduct" for sentencing purposes. That conclusion inured to Franklin's benefit in that it enabled him to seek a departure for time served in state prison for the same conduct.

Franklin's counsel thus found himself between Scylla and Charybdis: He could object to the USPO's relevant conduct determination and the Government's breach, continuing to advocate for the lower, agreed-upon base offense level, or he could assent to the USPO's calculations in the hope of obtaining a better overall sentencing outcome for his client. Franklin's attorney opted for the latter course but, in doing so, left unchallenged the Government's compliance with the plea agreement and by extension, the validity of the appellate waiver in that agreement. The procedural hurdle barring our review of Franklin's appeal thus resulted from the same concern that animates his merits argument -- his desire to avoid serving more time in prison based on crimes for which he has already been convicted and incarcerated.

Both problems could have been avoided by the exercise of prosecutorial discretion. At the time of the federal indictment -- seven months after he was released from state prison early for good behavior and service in a fire camp -- Franklin had obtained gainful employment and had, by all accounts, successfully

reintegrated into society. Today, he is behind bars again for essentially the same activity for which he already served a state prison sentence. Franklin served 18 months in state custody for conduct that the district court took into account in fashioning his federal sentence. He used that time to prepare himself for a constructive life after prison. We fail to see how the goals of the criminal justice system are furthered by the prosecution and reincarceration of an individual who has already been punished and rehabilitated.

But the fact remains that in his plea agreement, Franklin gave up the right to appeal the procedures and calculations used to determine and impose any portion of his sentence, and the term of imprisonment imposed by the district court, so long as the district court did not impose a term of imprisonment higher than 60 months. The district court did not impose more than 60 months of imprisonment. And although the Government did breach the plea agreement, because the breach did not amount to a plain error, Franklin remains bound by the appellate waiver in his agreement, and we must therefore dismiss this appeal. *See Hernandez-Castro*, 814 F.3d at 1046.

**DISMISSED.**

*United States v. Franklin*, No. 16-50095
Pregerson, J., dissenting:

I agree that the Government breached the plea agreement. But I do not agree

that the Government's breach is protected by plain error review because breach of

the plea agreement affected Defendant Andre Franklin's substantial rights.

Using the Government's higher base offense level of 26 (which accounted

for the related conduct underlying Franklin's state conviction), Franklin

successfully argued for a sentence reduction of 18 months based on time served in

state prison. The majority supposes that Franklin would not have ended up with a

more favorable sentence had the court used the lower base offense level of 24. But

I am not so sure. Franklin likely would have made a comparable sentence

reduction argument had the court used the lower base offense level of 24. *See*

*United States v. Sanchez-Rodriguez*, 161 F.3d 556, 563-64 (9th Cir. 1998) (en

banc) (holding that a sentencing court is not categorically barred from departing

downward based on time served in state custody, or on the lost opportunity to serve

more of one's state term concurrently with one's federal term). The Government's

breach of the plea agreement led the district court to use a higher offense level,

which unfairly established a higher starting point for the court's sentencing

calculations. Because I believe that the higher starting point ultimately impacted

Franklin's sentence, I would hold that the breach affected Franklin's substantial

rights.

1

Like the majority, I seriously doubt whether the goals of the criminal justice system were furthered by the prosecution and reincarceration of Franklin, who had already served significant time in prison, had obtained steady and successful employment, and had turned his life around.

I also write separately to point out another concerning aspect of this case— the appellate waiver. Prosecutors are powerful officials in our criminal justice system. They wield substantial control over the levers of justice through their charging and plea bargaining powers. They decide whether, when, and what criminal charges should be brought. Mix in the threat of unnecessarily harsh mandatory minimums, and it is no wonder that criminal defendants bargain away everything they have, including, as in this case, the right to appeal. With the deck stacked against a criminal defendant, an appellate waiver only serves to make an unjust result even more likely because the waiver undermines a reviewing court's role in examining a sentence for fairness and consistency. *See* Robert K. Calhoun, Waiver of the Right to Appeal, 23 Hastings Const. L. Q. 127 (1995); Alexandra W. Reimelt, An Unjust Bargain: Plea Bargains and Waiver of the Right to Appeal, 51 B. C. L. Rev. 871 (2010); Kevin Bennardo, Post-Sentencing Appellate Waivers, 48 U. Mich. J.L. Reform 347 (2015).

For these reasons, I dissent.