NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50226 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01082-LAB-1 |
| v. | |
| DOROTEO ZAMBRANO-RUIZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 9, 2019**
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,*** District Judge.

In March 2018, Doroteo Zambrano-Ruiz was charged by information with attempted illegal re-entry, in violation of 8 U.S.C. §§ 1326(a) & (b). In the plea

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

agreement, both parties agreed to jointly recommend certain Sentencing Guidelines calculations, including a two-level downward departure for Ruiz's participation in the fast-track plea program.

The court ultimately refused to grant any fast-track departure and imposed 16 months of imprisonment, followed by three years of supervised release. Ruiz appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and vacate and remand in part.[1]

Ruiz argues that he should be resentenced because the government breached the plea agreement when it responded to the court's comments on the fast-track departure request by stating: "I can see Your Honor's argument, it is less than normal."

Because Ruiz failed to object to this alleged breach, we review Ruiz's claim for plain error. *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). We have held previously that the government implicitly breaches a plea agreement by introducing new information, or simply repeating information already contained in the record, for the sole purpose of influencing the district court to impose a harsher sentence. *Id.* at 971; *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). Here, the government's statement did not offer any new evidence to the district court

---

[1] We assume the parties' familiarity with the facts and procedural history of this case.

nor did it repeat information already contained in the record, let alone for the sole purpose of "winking at the district court to impliedly request a different outcome." *Heredia*, 768 F.3d at 1231 (internal citation and quotation marks omitted). Therefore, the government did not breach the plea agreement.[2]

Ruiz also argues that, when imposing sentence, the district court impermissibly relied on certain factors set forth in the Cole Memorandum, which is meant to guide executive discretion in recommending fast-track departures, not serve as the basis for a court's sentence. Ruiz's argument that his sentence was procedurally erroneous fails at the outset because this Court does not review departures under § 5K of the Sentencing Guidelines for procedural error. *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1180 (9th Cir. 2015). Rather, these decisions are reviewed only for substantive reasonableness. *Id.*

This Court reviews the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38 (2007)). Here, before imposing its sentence, the district court explicitly considered and outlined Ruiz's "extensive

---

[2] Contrary to the government's argument, Ruiz did not waive or forfeit his ability to challenge the government's alleged breach of the plea agreement on appeal. "A defendant is released from his or her appeal waiver if the government breaches the plea agreement." *United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016). Likewise, a claim of breach not raised below (*i.e.*, forfeited) is reviewed for plain error. *Id.* at 1045–46.

criminal history, immigration criminal history," and the fact that he had received a fast-track disposition before in 2012. Under these circumstances, the court's sentence was not illogical, implausible, or without support. *See Rosales-Gonzales*, 801 F.3d at 1184 ("In discussing whether to grant the fast-track departure and determining the proper sentence, the district court properly considered Rosales-Gonzales's past criminal and immigration history [under § 3553(a)].").

Contrary to what Ruiz argues, the district court also did not improperly rely on the factors set forth in the Cole Memorandum in imposing its sentence, but rather relied on Ruiz's immigration and criminal history. Therefore, Ruiz's sentence was substantively reasonable.

Ruiz also challenges the district court's failure to explain why a three-year term of supervised release was warranted in light of § 5D1.1(c) of the Guidelines.

When a defendant fails to object to a district court's alleged failure to sufficiently explain the sentence imposed, this Circuit reviews for plain error. *See United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006). Here, the district court's explanation for a three-year term of supervised release was adequate because it specifically found that imposing such a term "w[ould] be a deterrent to [Ruiz's] returning." Throughout the sentencing hearing, the court repeatedly vocalized its concerns about Ruiz's

4

recidivism and problematic immigration history. Therefore, Ruiz's supervised release term was lawful. *See Carty*, 520 F.3d at 992 ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.").

Both parties agree that conditions 4, 7, and 8 of Ruiz's supervised release were not lawful. "Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines [*i.e.*, a special condition], notice is required before it is imposed, so that counsel and the defendant will have the opportunity to address personally its appropriateness." *United States v. Cope*, 527 F.3d 944, 953 (9th Cir. 2008) (quoting *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004)).

Conditions 4, 7, and 8 of Ruiz's supervised release were incorrectly listed in the written judgment as "Standard Conditions." Because conditions 4 and 7 were special conditions, the district court was required to provide Ruiz with notice of these conditions before imposing its sentence.[3] *Id.* Therefore, we vacate and remand Ruiz's sentence for the limited purpose of striking conditions 4, 7, and 8 from the judgment.

**AFFIRMED in part; VACATED and REMANDED in part.**

---

[3] The 2016 Guidelines Manual governed at the time of Ruiz's sentence in July 2018. Revised versions of conditions 4 and 7 appear in the 2016 Guidelines as special conditions. *See* U.S.S.G. §§ 5D1.3(d)(1) & (4)(B). Condition 8 was eliminated from the 2016 Guidelines as being redundant with the standard condition against associating with criminals. *See* U.S.S.G. app. C amend. 803.