**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50186 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04445-LAB-1 |
| v. | |
| JOSE ALFREDO ROJAS-MARTINEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted October 21, 2019
Pasadena, California

Before: KLEINFELD, PAEZ, and CALLAHAN, Circuit Judges.

Jose Alfredo Rojas-Martinez appeals his sentence after pleading guilty to

illegal reentry under 8 U.S.C. § 1326. Rojas-Martinez first argues the government

breached the plea agreement at the sentencing hearing. We disagree and therefore

enforce the plea agreement's issue waiver. Rojas-Martinez next argues the district

court violated his right to be present at sentencing when it imposed conditions of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

supervised release for the first time in its written judgment. We agree and therefore remand with instructions.

**1.** We first address whether we can consider Rojas-Martinez's argument that the government breached the plea agreement, which he did not raise before the district court. The plea agreement speaks directly to the issue of government breach of the agreement. Section XII provides that Rojas-Martinez and his attorney

> shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to any court, shall constitute a breach of this agreement.

Neither Rojas-Martinez nor his attorney raised at the sentencing hearing any claim that the government had not complied with the plea agreement. Thus, by the terms of the plea agreement, Rojas-Martinez waived his claim of the government's breach, and he is not entitled to raise that claim here. Nevertheless, even if we were to consider the argument, *see United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016), we would reject it.

**2.** Under the plea agreement, the government promised to "jointly recommend" a four-level departure based on an early disposition program known as "Fast Track." Before the sentencing hearing, the government recommended that departure in writing. At the hearing, the government reiterated its

2

recommendation, explaining that the government was "prepared to submit" based on its written recommendation. The government thus kept its promise, and the government did not impliedly break it by making statements "indicating a preference for a harsher sentence," *United States v. Franco-Lopez*, 312 F.3d 984, 992 (9th Cir. 2002), or serving "no purpose but to influence the court to give a higher sentence," *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012). The government was under no obligation to provide its recommendation "enthusiastically." *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999). We find no breach here.

Rojas-Martinez argues, given the promise to recommend a departure "for" Fast Track, that the government had to say more about why a Fast Track departure was appropriate in his case. But the government disclosed the basis of its recommended departure. The district court was aware of the recommended Fast Track departure, repeatedly asked about it at hearing, and even discussed the United States Department of Justice's internal guidance on the Fast Track program. Rojas-Martinez essentially argues that the government had to affirmatively defend its exercise of discretion in recommending a Fast Track departure. But the plea agreement made no such promise.

The government did not breach the plea agreement. We therefore enforce the plea agreement's issue waiver against Rojas-Martinez and dismiss the appeal to

the extent Rojas-Martinez asserts the government's breach.

**3.** A defendant has a right to be present at his sentencing under the Sixth Amendment and the Federal Rules of Criminal Procedure. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006); Fed. R. Crim. P. 43(a)(3). The actual imposition of a sentence occurs at the oral sentencing, not when the written judgment is later entered. *United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000). Thus, when an oral sentence is unambiguous, it controls over a written sentence that directly conflicts with it. *Napier*, 463 F.3d at 1042. Imposition of mandatory or standard conditions of supervised release is deemed to be implicit in an oral sentence. *Id.* When the oral sentence is ambiguous, the written judgment may clarify the oral pronouncement but may not substantively add to it. *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994).

Here, the parties agree that the district court's imposition of three styled-"standard" conditions of supervised release—none of which are among the Sentencing Guidelines' enumerated standard conditions—were not implied by the court's pronouncement. *See Napier*, 463 F.3d at 1043; U.S.S.G. 5D1.3(c)–(d). The oral pronouncement controls, and we vacate the judgment and remand with instructions to strike these three conditions. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012).

Rojas-Martinez also challenges a styled-"special" condition of supervised

release requiring Rojas-Martinez to "report to the probation officer within 72 hours of any reentry to the United States." In pronouncing sentence, the district court did not reference such a condition. Because the condition would substantively alter Rojas-Martinez's sentence, we must vacate it. *Napier*, 463 F.3d at 1043. But unlike with the three styled-"standard" conditions, the oral pronouncement is ambiguous regarding this condition. By pronouncing that Rojas-Martinez "don't come back to the United States," the district court contemplated that he might return but never explained what Rojas-Martinez was required to do if he did. Given the ambiguity in the oral pronouncement, we remand for resentencing as to this "special" condition. *Id.*

In sum, in light of the plea agreement's issue waiver, we dismiss Rojas-Martinez's appeal to the extent it asserts the government breached the plea agreement at sentencing. We also vacate all four of the challenged conditions. On remand, the district court should strike the three styled-"standard" conditions, and resentence or otherwise reconsider the styled-"special" condition.

**DISMISSED in part; VACATED in part; and REMANDED.**