**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10432 |
| Plaintiff-Appellee, | D.C. No. 4:06-cr-00825-RCC-LAB-1 |
| v. | |
| WILLIAM ERNEST FULLER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted November 19, 2020**
Phoenix, Arizona

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Appellant William Ernest Fuller appeals the district court's imposition of a

lifetime term of supervised release. He claims that the government breached its

promise set forth in the written revocation disposition agreement to make no

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recommendation regarding an additional term of supervised release when it informed the district court at sentencing, contrary to defense counsel's misrepresentation, that it did not concur with the probation officer's recommendation of no further supervised release. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

"A defendant's claim that the government breached its plea agreement is generally reviewed de novo." *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). However, because Fuller's counsel failed to timely object to the prosecutor's statements during the district court proceedings, the court is limited to plain error review on appeal. *Id.*; *see also United States v. Hernandez-Castro*, 814 F.3d 1044, 1045–46 (9th Cir. 2016). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

According to Fuller, the government breached its promise to "take no position on the issue of supervised release" by informing the district court that it did not agree with the probation officer's recommendation of no further supervised release. We need not decide whether the government's statements constituted a

2

breach because, even if a breach occurred, Fuller cannot carry his burden to show that the alleged breach affected his substantial rights.

"[W]here a breach of the plea agreement is alleged, the defendant must prove that it is reasonably probable that he or she would have received a more lenient sentence if the government had not committed the breach, not just merely that it is possible." *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013) (internal quotations omitted). Nothing in the record indicates that the government's statements influenced the district court's decision to impose a lifetime term of supervised release. Rather, in rejecting the probation officer's recommendation, the district court emphasized that (1) Fuller's conduct was "awfully close" to his original offense; and (2) the recommendation for no further supervised release was not based on Fuller's success but because probation was "tired of dealing with [him]." In other words, the district judge made clear that he had independently reviewed the record and was not convinced that supervised release was no longer necessary. *See Gonzalez-Aguilar*, 718 F.3d at 1187–89 (finding no impact on substantial rights when it was clear that the district judge independently evaluated the sentence and was "deeply influenced" by the presentence report, and the prosecutor made no statements regarding the defendant's criminal history at sentencing). Fuller has therefore failed to show a

reasonable probability that, absent the government's statements, the district court would have imposed a lesser term of supervised release.

**AFFIRMED.**