**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50152 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:20-cr-02340-LAB-1 |
| | 3:20-cr-02340-LAB |
| ERICA RENEE PENA, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 4, 2022[**]
Pasadena, California

Before:  SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Erica Pena appeals from her sentence for importing methamphetamine in

violation of 21 U.S.C. §§ 952, 960.  Pena pleaded guilty to importing

approximately 75 grams of methamphetamine pursuant to a plea agreement that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

contained an appeal waiver. We have jurisdiction under 28 U.S.C. § 1291.

Because the parties are familiar with the facts, we need not recount them here.[1]

The government claims this appeal is barred by the appeal waiver. Pena implicitly argues the appeal is not barred because she contends the government breached the plea agreement. *See United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016) ("A defendant is released from his or her appeal waiver if the government breaches the plea agreement.").

Pena claims the government breached the plea agreement by failing to defend a two-level downward variance for waiving the indictment during the COVID judicial emergency when the prosecutor agreed with the sentencing judge that Pena's waiver of the indictment was "taken into consideration" by the four-level fast-track departure. We disagree.

The sentencing judge asked the prosecutor whether the waiver of the indictment had been taken into account by the "four point off for Fast Track," not whether any such waiver was preclusively contemplated by the Fast Track departure. Thus the government's agreement was an "honest response . . . to direct judicial inquiry," which does not constitute breach. *United States v. Allen*, 434

---

[1] We grant Pena's motion (Dkt. 6) and take judicial notice of the sentencing transcript she submits. *See Reyn's Pasta Bella, LLC v.Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

F.3d 1166, 1175 (9th Cir. 2006) (quoting *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000)). Furthermore, "[w]hen the government agrees to a sentence pursuant to a plea bargain, it need not explain its reasons nor make the recommendation enthusiastically." *Maldonado*, 215 F.3d at 1051–52. The prosecutor advocated for a sentence of time-served, which encompassed the 2-level COVID variance. That Pena wishes the prosecutor would have argued more persuasively or better explained the reason for the 2-level COVID variance does not constitute breach.

Because the government did not breach the plea agreement, we are bound to enforce Pena's appeal waiver. *See Hernandez-Castro*, 814 F.3d at 1046.

**DISMISSED.**