**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-573, 23-575 |
| Plaintiff-Appellee, | D.C. Nos.<br>1:17-cr-00104-JMS-KJM-1<br>1:21-cr-00096-JMS-1 |
| v. | |
| LEIHINAHINA SULLIVAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted October 9, 2024**
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Leihinahina Sullivan timely appeals her conviction. We have jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. We review de novo "'whether an appellant has waived [the] right to appeal' pursuant to the terms of a plea agreement." *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022) (citation omitted). Sullivan's breach-of-plea-agreement and ineffective-assistance-of-counsel claims are not barred by the appeal waiver. We have held that "[a] defendant is released from his or her appeal waiver if the government breaches the plea agreement," *United States v. Hernandez-Castro*, 814 F.3d 1044, 1045 (9th Cir. 2016), and the agreement provides that Sullivan may bring "a challenge . . . based on a claim of ineffective assistance of counsel." Moreover, assuming without deciding that the plea waiver does not apply to Sullivan's challenge to the revocation of her pro se status, this panel finds the district court's post-plea revocation of Sullivan's pro se status was proper. *See United States v. Atherton*, 106 F.4th 888, 897–98 (9th Cir. 2024).

2. The government did not breach the plea agreement with statements made at sentencing. "A defendant's claim that the government breached its plea agreement is generally reviewed de novo." *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). But because Sullivan's counsel did not move to withdraw Sullivan's plea due to the government's alleged breach, we review for plain error. *Id.*

At sentencing, the government referred to Sullivan as a "one-woman criminal enterprise" and asserted that "[t]he truly staggering amount of criminal

2

activity that Sullivan engaged in for over a decade is not reflected fully in the Guidelines calculation in this case." After discussing incidents of unproven or uncharged offenses—including fraud, theft, and forgery—the government continued: "[t]he Guidelines calculation and the Court's commensurate findings fall substantially short of covering the scope and impact of Sullivan's conduct in this case." Sullivan argues that the government was precluded from making those statements at sentencing because the plea agreement states that "the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior."

Contrary to Sullivan's claim, these statements did not breach the plea agreement. The quoted provision in the plea agreement was not a promise to avoid discussion of uncharged and unproven offenses. *See United States v. Streich*, 560 F.3d 926, 930 (9th Cir. 2009) (holding that it was not a breach when the government based its sentencing recommendation on uncharged conduct, despite a provision in the plea agreement stating that the government would not prosecute the defendant for additional offenses). Indeed, other portions of the plea agreement explained that several issues were unresolved and would be discussed at sentencing.

Further, the district court properly considered the type of material that the government discussed at sentencing. *See* 18 U.S.C. § 3661 ("No limitation shall be

placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Christensen*, 732 F.3d 1094, 1104 n.2 (9th Cir. 2013) ("[A] sentencing court may rely on any evidence relating to a defendant's background, character, and conduct when considering the sentencing factors found in 18 U.S.C. § 3553(a).").

3.      "We have never definitively articulated the standard of review that applies to a defendant's claim on direct appeal of a criminal conviction that [the defendant's] Sixth Amendment right to self-representation was violated." *United States v. Engel*, 968 F.3d 1046, 1049 (9th Cir. 2020).  The Second, Third, Fifth, Eighth, and Tenth Circuits employ a de novo review, and the Seventh Circuit reviews for abuse of discretion.  *Id.* at 1049–50.  Because the district court's revocation of Sullivan's pro se status was proper under either standard, we need not resolve this debate.

"[T]he right to self-representation is not absolute[.]" *United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010).  "A district court 'may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct,' or who is unable or unwilling 'to abide by rules of procedure and courtroom protocol.'" *Engel*, 968 F.3d at 1050 (internal citation omitted) (first quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); and

4

then quoting *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984)). And "serious and obstructionist misconduct" may include "engag[ing] in heated discussions with the judge" and failing to obey the court's rulings. *Id.* at 1050–51 (internal quotation marks and citations omitted).

The district court revoked Sullivan's pro se status because she disrupted courtroom proceedings on many occasions by arguing with the judge so intensely that the proceedings were paused, and because she lacked candor with the court. Her conduct certainly amounted to "serious and obstructionist misconduct." *Id.* Plus, Sullivan failed to obey the court's rulings by continuing to file untimely motions or motions on issues previously ruled on by the court. *See id.* at 1051 ("Had Engel repeatedly violated the court's orders, that might be sufficiently disruptive to revoke his pro se status.").

4.      Finally, Sullivan and appointed counsel did not have a conflict of interest requiring a remand for resentencing. "A claim that trial counsel had a conflict of interest with the defendant is a mixed question of law and fact and is reviewed de novo by the appellate court." *United States v. Walter-Eze,* 869 F.3d 891, 900 (9th Cir. 2017) (quoting *United States v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009)). The record on appeal is sufficiently developed to permit review on direct appeal. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (noting that, "when the record on appeal is sufficiently developed to permit review

5

and determination of the" ineffective assistance of counsel claim, it may be reviewed on direct appeal (citation omitted)).

When an "actual conflict" exists between a defendant and the defendant's lawyer, the Sixth Amendment protects that defendant from forced representation by that lawyer. *Garcia v. Bunnell*, 33 F.3d 1193, 1195 (9th Cir. 1994). Sullivan argues that her counsel operated under an "actual conflict." We disagree. "'[A]n actual conflict of interest' mean[s] precisely a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties." *Mickens v Taylor*, 535 U.S. 162, 171 (2002). Here, counsel's performance was not affected. For instance, counsel advocated for a sentence of 84 months, which was well below the Guidelines calculation and the probation department's recommendation.

Moreover, the civil suit on which Sullivan relies was dismissed with prejudice before counsel was served. And Sullivan has an extensive history with six prior lawyers: one retained counsel, three appointed counsel, and two appointed standby counsel. We have previously declined to find an actual conflict of interest under similar circumstances. *See United States v. Plascencia-Orozco*, 852 F.3d 910, 916–18 (9th Cir. 2017) (upholding the district court's decision to deny a defendant's request for new counsel, even though the defendant had filed a state bar complaint against his attorney, where (1) the defendant had a history of filing similar complaints against prior counsel and (2) the defendant's requests amounted

6

to "dilatory tactics rather than genuine complaints about his attorneys' performance"). The district court did not err in refusing to remove appointed counsel.

**AFFIRMED.**